UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHANIEL LAMBRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-01234-JMS-DKL |
| | ) |
| WENDY KNIGHT, JOHN CRAWFORD, | ) |
| CHARLES HOUCHINS, D. NEAL, | ) |
| D. MASTERS, DOER, ERIC BLATTNER, | ) |
| J. POWELL, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
And Directing Further Proceedings**

**I. Background**

The plaintiff, Nathaniel Lambright, is incarcerated at the Westville Correctional Facility. This civil rights complaint brought pursuant to 42 U.S.C. § 1983 relates to multiple occasions when he was allegedly placed on "stripped cell" status and his clothing, religious materials, and food were restricted. Lambright names the following defendants: 1) Superintendent Wendy Knight; 2) Captain John Crawford; 3) Lieutenant Charles Houchins; 4) Sergeant D. Neal; 5) Captain D. Masters; 6) Lieutenant Doer; 7) Captain Eric Blattner; and 8) Lieutenant J. Powell.

Because Lambright is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Lambright are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

## II. Insufficient Claims

### a.

Lambright alleges that Superintendent Wendy Knight refused to respond to his complaints regarding his strip cell status. The claim against Superintendent Wendy Knight is **dismissed** for failure to state a claim upon which relief can be granted because without personal liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

### b.

Additionally, Lambright names Sergeant D. Neal as a defendant. However, there are no allegations of wrongdoing against Sgt. Neal. In order to be held responsible for the violation of a federally secured right for which a remedy in damages is sought pursuant to 42 U.S.C. § 1983, an individual must have personally participated in the alleged constitutional deprivation. *Zimmerman*

*v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000). The claim against Sgt. Neal is **dismissed** for failure to state a claim upon which relief can be granted**.**

**c.**

Next, Lambright names Captain Crawford, Lieutenant Houchins, Captain Masters, Lieutenant Doer, Captain Blattner and Lieutenant Powell as defendants and alleges they each placed him on "strip cell" status and restricted his clothing, religious material, and food on seven different occasions for up to three days at a time over a ten month period.

To support an Eighth Amendment conditions of confinement claim, Lambright must allege that he suffered a sufficiently serious constitutional deprivation and that the defendants acted with deliberate indifference to the conditions of his confinement. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Lambright is entitled to be housed under humane conditions and provided with "adequate food, clothing, shelter, and medical care." *Id.* at 832. To be sufficiently serious, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotation omitted). "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals, do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)). Lambright's claim he was placed on "strip cell" status and his clothing, religious material, and food was restricted on seven different occasions for up to three days at a time over a ten month period is simply not sufficient to plausibly allege such conditions. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (quotations

omitted). Under these circumstances Lambright has failed to allege a constitutionally significant hardship and his claim is subject to dismissal on this basis.

Lambright also alleges that, at times, he has only been allowed to shower on Tuesday, Thursday, and Saturday, and has to ask for toilet paper when needed. His claim that he is restricted to showers on Tuesday, Thursday and Saturday does not constitute a constitutional deprivation. He does not have a constitutional right to have a shower every three days. *See Henderson v. Lane,* 979 F.2d 466, 469 (7th Cir. 1992) (one shower per week is constitutionally sufficient). Moreover, Lambright is provided toilet paper when needed. Accordingly, this claim fails to state a claim upon which relief can be granted.

The plaintiff's complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992) ("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety.").

### III. Further Proceedings

For the reasons explained above, the complaint fails to state a claim upon which relief can be granted as to any of the defendants and must therefore be dismissed pursuant to § 1915A. The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, Lambright shall have **through November 19, 2014,** in which **to file an amended complaint** which corrects the deficiencies noted in Part II of this Entry.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of*

*Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought. The plaintiff shall place the title "amended complaint" and the case number 1:14-cv-01234-JMS-DKL on the front page of the amended complaint. Failure to file an amended complaint as directed herein will result in the dismissal of the action for the reasons stated in this Entry.

**IT IS SO ORDERED**.

Date: October 21, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Nathaniel Lambright, #220967
Westville Correctional Facility
Electronic Service Participant
Court only