# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| NATHANIEL LAMBRIGHT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 1:14-cv-01234-JMS-DKL |
| JOHN CRAWFORD, CHARLES HOUCHINS, D. NEAL, D. MASTERS, DOER, ERIC BLATTNER, J. POWELL, | ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Dismissing Amended Complaint and
Directing Entry of Final Judgment**

**I. Background**

Although not titled an amended complaint, Nathaniel Lambright, an inmate at Westville Correctional Facility, filed a response to the Court's Entry of October 21, 2014, which dismissed his civil rights complaint and gave him the opportunity to file an amended complaint. The Court shall treat the response as the amended complaint [dkt. 12]. The amended complaint alleges that Lambright's constitutional rights were violated by the defendants when they were deliberately indifferent to the conditions of his confinement at the Pendleton Correctional Facility. Lambright names the following defendants: 1) Captain John Crawford; 2) Lieutenant Charles Houchins; 3) Sergeant D. Neal; 4) Captain D. Masters; 5) Lieutenant Doer; 6) Captain Eric Blattner; and 7) Lieutenant J. Powell.

Lambright's amended complaint alleges the following: his water was shut off on May 29, 2013; his food intake was reduced; he was provided limited ability to wash his hands and flush the toilet in his cell; and he was provided inadequate access to toilet paper.

Because Lambright is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Lambright are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Lambright is seeking $4,750.00 in damages.

## II. Insufficient Claims

The Eighth Amendment's proscription against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain" by the state. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citation and internal quotations omitted). The Eighth Amendment's proscription against the imposition of cruel and unusual punishments encompasses two forms of protection: first, prison officials may not use excessive physical force against prisoners; and second, prison officials have the duty to provide humane conditions of confinement--prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan,* 511

U.S. 825, 832 (1994). In a "conditions" case, Eighth Amendment liability attaches when a plaintiff shows that the condition he complains of was objectively serious enough to demonstrate that he was deprived of the "'minimal civilized measure of life's necessities,'" *Id. a*t 834, (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)), and that the named prison official acted with deliberate indifference to his health or safety. *Id.* (citing *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991)). In relation to the second of these elements, to be "deliberately indifferent," a state of mind derived from criminal recklessness, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer* at 837.

Conditions of confinement may rise to the level of a constitutional violation only if those conditions involved the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991). The Court will address each of Lambright's allegations of deficient conditions of confinement.

First, Lambright alleges that on May 29, 2013, Sgt. D. Neal shut the water off to the sink and toilet for the entire range due to the actions of another individual. Lambright does not allege that he was without water for more than one day, and there is no basis to conclude that he was denied liquids with his meals. This factual allegation is simply not sufficient to plausibly allege "'genuine privations and hardship over an extended period of time[,]'" *Duran v. Elrod,* 760 F.2d 756, 759 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)), as is required to show a constitutionally significant hardship. Further, he has alleged no injury as a result of the temporary water shut off. This claim **is dismissed**. Defendant Sgt. Neal **is also dismissed**.

Second, Lambright alleges that his food intake was reduced to three sack meals per day that included an orange, two sandwiches, and a cookie. This means that Lambright was receiving

three pieces of fruit, six sandwiches, and three cookies per day. He does not allege an injury or that he was hungry or that he has lost any weight. *See Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."). As such, these allegations are insufficient and **this claim is dismissed**.

Third, Lambright alleges that because he was only allowed to shower on Tuesday, Thursday, and Saturday, [dkt. 2], this restriction also meant that he was not able to wash his hands or brush his teeth on the days he was not permitted to shower. These restrictions allegedly occurred for approximately nineteen days over a ten month period. However, Lambright has not shown an injury or that his inability to wash his hands resulted in a food-borne injury. **This claim is dismissed**.

Lambright also alleges that he was denied toilet paper and as a result had feces on his body for days at a time. However, Lambright was permitted to shower on Tuesday, Thursday and Saturdays, which presumably means he was able to clean himself on those days. Being able to use the restroom but not use toilet paper for approximately nineteen days over a ten month period [dkt. 2] is not a constitutional deprivation. *See Cunningham v. Eyman,* 17 Fed. Appx. 449, 454 (7th Cir. 2001) (inmate failed to establish an Eighth Amendment claim where he alleged that he urinated and defecated on himself and was forced to remain in his soiled clothing for four to five hours because the officers refused to remove his restraints so he could use the toilet); *Key v. McKinney,* 176 F.3d 1083, 1086 (8th Cir. 1999) (prisoner who was restrained in handcuffs and shackles for 24 hours, making it more difficult for him to relieve himself, did not suffer a constitutional violation); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs is insufficient to establish an Eighth Amendment violation). Moreover, Lambright

has not identified which defendant is responsible for allegedly depriving him of toilet paper nor alleged that any of the defendants acted with deliberate indifference to his health or safety. *Farmer,* 511 U.S. at 832. This claim **is dismissed**.

Finally, Lambright alleges that his he was not permitted to flush his toilet each time he used the bathroom. Feces and urines in a toilet for several hours is not a constitutional deprivation sufficient to plausibly allege genuine privations and hardship over an extended period of time. *Duran,* 760 F.2d at 759. This claim **is dismissed**.

In summary, all of the claims alleged in Lambright's amended motion **are dismissed for failure to state a claim**.

### III. Conclusion

The amended complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: November 17, 2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Nathaniel Lambright, #220967
Westville Correctional Facility
Electronic Service Participant - Court only